You may call the second case. Case number 11-098, People v. Jack West, Avery. Good morning, your honors. My name is Maria Harrigan with the State Appellate Defender representing Mr. Avery. Assistant State's Attorney Sheila O'Grady-Kroniak on behalf of the people of the state of Illinois. Kate, you saw we're quite liberal, so make your presentation, but don't go too long. I'm going to be focusing on the first issue in my brief this morning. Mr. Avery pled guilty to one count of first-degree murder in exchange for an agreed-upon sentence of 33 years. However, the indictment, as well as the factual basis for this plea, revealed that the decedent was shot, and that's how he was killed. Therefore, the minimum sentence in this case was 45 years, 20 years for murder, and at least 25 years for the use of a firearm. This rendered the negotiated sentence illegal and therefore void. This case is on point with the Illinois Supreme Court decision in People v. White, where the defendant pled guilty to murder in exchange for a 28-year illegal sentence. In his case, the minimum sentence was 35 years. Okay, but in White, White comes after the fact, after the sentencing in this case. Is that correct? I'm sorry, your honor? White occurs after the sentencing in this case. Right, the decision in White occurs after the sentencing. However, the sentence in this case is still void because from the moment that the legislature passed the firearm add-on statute, the minimum sentence was 45 years. Let me ask you a question. This was asked by another justice to ask here. I don't necessarily agree or disagree with it, but the interesting question was, and it's kind of addressed to you. Say we remand this case for resentencing, and they sentence him to a greater term. Where are you when he brings an action subsequent to that? May he not bring an action against you, yourself? He is aware that the minimum sentence here is 45 years, first of all, my client. Secondly, we are not asking for a remand for resentencing. We're asking for a remand for him to have the opportunity to withdraw his plea. No, I understand that. That's an option that could occur. We don't believe that would be a legal option in this case. There is no way to do that with allowing him to have the benefit of his bargain, of the plea bargain. The only option here is to have him withdraw his plea. That is the only option on remand. Just be aware, that's what one of the other justices thought might occur, and then wondered where you would be. But let's go on with the case. I just thought it was humorous at the time, and so I had to ask the question because I promised him. I would like to just ask whether or not you're relying only on white to get to that point. Relying on white decision, but not primarily, because if you go back and look at other cases that were decided before white, and even before my client was convicted, going all the way back to the under decision, a void sentence is illegal and can be attached at any time. And this is clearly a void sentence because the sentence should have been 45 years if he got convicted of this offense. What if those cases, after a finding of a void sentence, remanded back for either a replete and or a new trial? I'm not exactly sure what the remedies were in all those cases. But there are cases that. I'm sorry? That would be contemporaneous with the case that we have in front of us. What would be the major case you'd rely on to send it back for either a decision about whether he wants to plead or not plead or face trial? Well, the case of people versus Guevara and people versus Pullen, which are cases that talk about an unauthorized sentence being void. Again, Your Honor, I don't completely remember exactly what the relief was in those cases. But in this case, because the sentence was void, the only relief is to send it back to allow him to plead anew or withdraw his plea. That is the only reliever. The 33-year sentence was illegal. And so the defendant has a right to withdraw that plea. That's his decision to make. Going back to Sanibello, the U.S. Supreme Court case, when a guilty plea is induced by a void condition, the defendant has the right to withdraw that plea. And Illinois law dictates that a void sentence can be attacked at any time, so it's irrelevant. Well, isn't that the pattern in the practice for years and still goes on by merely amending the indictment? But the indictment wasn't amended here. The indictment listed firearm, the factual basis listed firearm. I think it was pointed out. They stipulated, too, in effect in court. Both sides. And the defendant agreed to it. Correct, but it's still an illegal sentence. I believe in white, I believe it was in the concurrence. There was a proposal that this could be avoided by amending the indictment and changing the factual basis. That wasn't done here. The way it reads under Illinois law, the sentence here was void. The state argues that it wasn't void because of what your Honor just pointed out, that the law wasn't clear because of how plea bargains have been done in the trial court. Yes, but again, the sentence still wasn't authorized by statute, so Mr. Avery has the right to try to withdraw his plea. It wasn't authorized by the statutes in place at the time. The state tries to say that white introduced a new rule of law, and so therefore to bring in the Teague v. Lane application, this is not a new rule. The legislature changed the sentencing structure for murder. But you're not supposed to be able to bring that up under a PC. Well, but if the sentence was void, you could bring it up at any time, in a PC, on appeal from a PC. This wasn't even in his PC. He raised it in direct appeal. It was already rejected by the appellate court wrongly, and therefore he probably assumed he couldn't raise it again in the PC. But because the sentence was void, it could be challenged at any time. This is not analogous to the Morris decision which talked about Whitfield. That wasn't a void sentence. Whitfield kind of arranged, you know, fashioned an equitable remedy for failed admonishment.  And again, this case isn't even like Donaldson, which the state cites. There was a way in Donaldson to remand just for resentencing, but also give the defendant the benefit of his bargain. Because the sentence could be restructured, so he wouldn't do any more than the aggregate maximum that he had pled guilty in exchange for. In this case, that's not possible. The only way to correct what happened here is to allow the defendant the opportunity to withdraw his plea. So if there are no further questions, we request that this case be remanded. Donaldson was because the facts of the case and the facts of the stipulation, under any circumstance, was going to lead to a sentence that was exactly the same. Well, and in Donaldson, it had to do with whether the sentence should be concurrent or consecutive, so there was a way to sort of refashion it, and it would still be the maximum, what he pled guilty in exchange for, the 50 years. And that's different than this case, because? Because it's impossible to remand it just for resentencing and give the defendant the benefit of his bargain. The only remedy here is to allow him to withdraw his plea. Thank you. I would reserve a couple minutes for rebuttal. Good morning, Your Honors. Again, my name is Sheila O'Grady-Kroniak, Assistant State's Attorney, appearing on behalf of the people. In this case, the inquiry does not begin and end with whether the defendant's sentence was void. There are additional concerns that this Court should address and should look to, the equitable concerns that are arisen given the unique factual basis of this plea and what the defendant did. The defendant stood idly by. The public defender was on the record saying that he and the defendant both understood that the minimum was 45 years, and they approached the State and asked if there was any way around that, anything that they could do. And so the defendant stood idly by and accepted his sentence of 33 years. While he did file a motion to withdraw his plea, his motion was that he didn't understand that it was going to, that he was not entitled to serve it at 50 percent of the time. Five years passed between that motion to withdraw the plea and the defendant now coming and saying, wait a minute, I should be able to undo everything and start all over again. Ten years have passed since the underlying murder in this case. The State's ability to prosecute this case at this point has been severely compromised. The ability of witnesses to testify and their ability to competently testify at this point has been compromised. This Court should also consider the prejudice to the State that would result from allowing this defendant to stand idly by, accept an illegally lenient sentence, and later, ten years later, now that the ability to prosecute has been compromised, to undo everything, to come back and undo his plea. Although the State did not amend the factual indictment, the facts in the indictment in this case, White didn't exist yet. The State did not know that that was the procedure that would be suggested in White, that they would have to amend the indictment. The understanding prior to White was that the firearm enhancement was subject to Apprendi principles and that it had to be separately pled and proven. In this case, the State, prior to White, thought that the firearm enhancement did not necessarily have to apply. And the defendant did not challenge it. He knowingly accepted an illegally lenient sentence. Furthermore, defendant is now challenging this in a collateral proceeding, in a post-conviction proceeding. Defendant has not shown that he has suffered any injury. The concurring opinion in Donaldson speaks directly to this, that in a 214-01 proceeding, in a post-conviction proceeding, there is nothing unjust, unfair, or unconscionable about receiving a sentence less than a minimum. There is simply no harm to the defendant here. He has received a windfall. He has received a sentence less than a minimum. He has received 33 years instead of 45. The defendant is not prejudiced by continuing to have a sentence of 33 years. The defendant is enjoying a huge benefit. However, the State would be unfairly prejudiced by having to undo this, go back and find witnesses whose ability to remember the underlying events and their ability to competently testify has been compromised at this point. There is no case in Illinois directly addressing this. However, I would propose that Your Honors look to cases in other jurisdictions that have addressed this exact problem of a void sentence being challenged in a collateral proceeding. In Rhodes v. Texas and Graves v. State out of Mississippi, both those courts found that although the defendants in those cases pled to an illegally lenient sentence or a void sentence, there was no harm to the defendant. There was no injury to the defendant. By contrast, there would be a strong harm, a strong risk of prejudice to the State by allowing the defendant to undo his plea years later. There is a particularly instructive sentence in Graves v. State that states, the defendant cannot stand mute when he is handed an illegal sentence which is more favorable than what the legal sentence would have been, reap the benefits of that illegal sentence, and later claim to have been prejudiced as a result thereof. That speaks directly to the unique factual basis that happened in this case. The defendant knew he was getting an illegal sentence, didn't say anything, didn't challenge it, and now years later, now that our ability to prosecute has been compromised, now says that he wants to be able to undo everything. Based on those reasons and those stated in our brief, we ask that you affirm the trial court's dismissal of defendant's post-conviction petition. Thank you. A couple points, Your Honors. First of all, the defendant did challenge his sentence, not just in the PC. He raised this on direct appeal. He lost, wrongly, because the sentence was void. As far as other States' decisions, voidness is a different, has a different concept in Mississippi. Here, prejudice isn't a concern here. The defendant getting, reaping a windfall doesn't matter. When the sentence is void, the sentence is void. And the State makes that argument in other cases, it seems that here they want their cake and eat it too. The defendant doesn't have to show injury. When the sentence is void, the sentence is void. He doesn't have to show that he was injured by the sentence he received. And again, White is not, White suggested this amending the indictment as a way around this to be able to still do these plea bargains, but the firearm enhancement was the law at the time the defendant was sentenced. This was an illegal sentence and it was void. So, therefore, there's no other recourse except to allow the defendant the opportunity to withdraw his plea in this case. Any more questions? Thank you. Could I just ask the State a question, please? Do you agree that the sentence was void at the time it was entered based on the statutes that were in existence at the time? Yes, at the time the statute. There's no question about that. Do you agree that the defendant raised this question on appeal? On his initial direct appeal, he did raise the question. So he did raise the issue. He didn't just ignore it for 10 years. He actually tried to do something about it. Right. Well, he did not raise it in his motion. It was on appeal from the dismissal of the motion that the issue was first raised. But you said he just stood by and let 10 years drift away, and that's not actually accurate. He has been trying to do something about this for the past 10 years. Correct. Thank you.